1

2

3

4                 UNITED STATES DISTRICT COURT

5             NORTHERN DISTRICT OF CALIFORNIA

6

7    SAMUEL KIDSTAR,                     Case No. 20-cv-05408-SK

              Plaintiff,

8

           v.                           **ORDER GRANTING MOTION TO**

9                                       **DISMISS FIRST AMENDED**

   FACEBOOK INC., et al.,            **COMPLAINT**

10

             Defendants.           Regarding Docket No. 68

11

12         This matter comes before the Court upon consideration of the motion to dismiss Plaintiff

13 Samuel Kidstar's First Amended Complaint ("FAC") filed by Facebook, Incorporated.  The Court

14 determines that the motion is appropriate for disposition without oral argument and, thus, is

15 deemed submitted.  *See* Civ. L.R. 7-1(b).  Accordingly, the hearing set for April 5, 2021 is

16 HEREBY VACATED.  Having carefully considered the parties' papers, relevant legal authority,

17 and the record in the case, the Court hereby GRANTS Facebook's motion for the reasons set forth

18 below.

19                                     **BACKGROUND**

20         In his Complaint, Plaintiff alleged that he opened a Facebook account in 2004.[1]  (Dkt. No.

21 1-2 (Ex. B to Notice of Removal), ¶ 2.)  He uploaded thousands of photographs, including

22 photographs of himself responding to 9/11 Ground Zero.  (*Id*.)  In September 2016, Defendants

23 caused his Facebook Page to be disabled and, at the time Plaintiff filed his complaint, his data,

24 including those photographs from 9/11 Ground Zero, was not recovered.  (*Id*., ¶ 3.)  Plaintiff

25 alleged that Facebook promised that their Facebook platform was a safe community for consumers

26

27        [1] Defendants submitted evidence to the New Jersey District Court that Plaintiff actually

28 opened up his Facebook account in 2009, to which Plaintiff did not contest.  (Dkt. No. 43 at p. 3 (citing Dkt. No. 7 at ¶¶ 3-4).)

United States District Court
Northern District of California

United States District Court
Northern District of California

1    and that Plaintiff entered into a contract with Defendants upon the opening of Plaintiff's Facebook

2    account. (*Id*., ¶¶ 10, 15.)  Based on these allegations, Plaintiff brought claims for breach of

3    contract, breach of the implied covenant of good faith and fair dealing, fraudulent inducement,

4    negligence misrepresentation, negligence, fraud, promissory estoppel, negligent and intentional

5    infliction of emotional distress, and breach of fiduciary duty.

6          Defendants moved to dismiss Plaintiff's Complaint on the grounds that all of his claims

7    were barred by the language in Facebook's User Agreements.  The Court agreed and granted

8    Defendants' motion but provided Plaintiff with leave to amend.

9          Plaintiff alleges in his First Amended Complaint that when someone signs up to use

10   Facebook, that user must first sign a Terms of Service User Agreement (the "User Agreement"),

11   but Facebook does not provide the user with the chance to speak with anyone at Facebook before

12   the user signs the User Agreement. (Dkt. No. 65, pp. 2-3.)  Additionally, if a user's account is

13   hacked or disabled, Facebook does not provide anyone from Facebook to speak to the user unless

14   the user files a lawsuit. (*Id*., p. 3.)  Plaintiff contends that Facebook's failure to explain that a user

15   cannot speak to a Facebook representative without filing a lawsuit is fraudulent and misleading.

16   (*Id*.)  Plaintiff also alleges that Facebook's "Terms of Uses" are not fair because they do not

17   mention any hazards and are trying to trick individuals into believing the website is safe and

18   secure. (*Id*., p. 37.)

19                                              **ANALYSIS**

20   **A.      Applicable Legal Standard on Motion to Dismiss.**

21         A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the

22   pleadings fail to state a claim upon which relief can be granted.  On a motion to dismiss under

23   Rule 12(b)(6), the Court construes the allegations in the complaint in the light most favorable to

24   the non-moving party and takes as true all material allegations in the complaint. *Sanders v.*

25   *Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986).  Even under the liberal pleading standard of Rule

26   8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires

27   more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

28   will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*,

2

United States District Court
Northern District of California

1   478 U.S. 265, 286 (1986)).  Rather, a plaintiff must instead allege "enough facts to state a claim to

2   relief that is plausible on its face."  *Id.* at 570.

3        "The plausibility standard is not akin to a probability requirement, but it asks for more than

4   a sheer possibility that a defendant has acted unlawfully. . . . When a complaint pleads facts that

5   are merely consistent with a defendant's liability, it stops short of the line between possibility and

6   plausibility of entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

7   *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).  If the allegations are insufficient to

8   state a claim, a court should grant leave to amend, unless amendment would be futile.  *See, e.g.*

9   *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Lieche, Inc. v. N.*

10   *Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

11        As a general rule, "a district court may not consider material beyond the pleadings in ruling

12   on a Rule 12(b)(6) motion."  *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on*

13   *other grounds, Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted).

14   However, documents subject to judicial notice, such as matters of public record, may be

15   considered on a motion to dismiss.  *See Harris v. Cnty of Orange*, 682 F.3d 1126, 1132 (9th Cir.

16   2011).  In doing so, the Court does not convert a motion to dismiss to one for summary judgment.

17   *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other*

18   *grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).  "The court need

19   not . . . accept as true allegations that contradict matters properly subject to judicial notice . . . ."

20   *Sprewell v. Golden State Warriors*, 266 F. 3d 979, 988 (9th Cir. 2001).  The district court may also

21   consider documents attached to and/or incorporated by reference in the complaint without

22   converting the motion to dismiss into a motion for summary judgment.  *United States v. Ritchie*,

23   342 F.3d 903, 908 (9th Cir. 2003).  "The court need not . . . accept as true allegations that

24   contradict matters properly subject to judicial notice or by exhibit."  *Sprewell*, 266 F.3d at 988.

25   **B.**    **Facebook's Motion to Dismiss.**

26        The Court provided Plaintiff with its ruling on Defendants' motion to dismiss Plaintiff's

27   initial Complaint orally from the bench.  Because Plaintiff is *pro se*, and it is not clear whether

28   Plaintiff understood the Court's ruling and what was required to state a claim, the Court provides

1    its reasoning in writing before addressing Plaintiff's First Amended Complaint.

2          **1.     Ruling on First Motion to Dismiss.**

3          The Court determined that the User Agreement was incorporated by reference into

4    Plaintiff's Complaint.  Additionally, as the Court mentioned on the bench, the ruling from the

5    New Jersey District Court that the User Agreement is valid and that Plaintiff had reasonable notice

6    of and assented to the terms of the User Agreement is the law of the case.

7          Furthermore, the terms of the User Agreement barred all of Plaintiff's claims in his initial

8    Complaint.  All of Plaintiff's claims were premised on his allegation that Facebook promised,

9    contracted, or represented that their Facebook platform is a safe community for consumers and

10    that Defendants failed to keep Plaintiff's photographs safe.  However, these allegations contradict

11    Facebook's disclaimers in the User Agreement. *Sprewell*, 266 F.3d at 988 ("The court need not . .

12    . accept as true allegations that contradict matters properly subject to judicial notice or by

13    exhibit.").  The agreement between the parties states that Facebook will "TRY TO KEEP

14    FACEBOOK UP, BUG-FREE, AND SAFE, BUT YOU USE IT AT YOUR OWN RISK."  (Dkt.

15    No. 52-1, Ex. A at ¶ 14.3 and Ex. B at ¶ 15.3.)  Additionally, both User Agreements state that

16    Facebook is "'AS IS' WITHOUT ANY EXPRESS OR IMPLIED WARRANTIES" and that

17    Defendants "DO NOT GUARANTEE THAT FACEBOOK WILL BE SAFE OR SECURE."  (*Id*.,

18    Ex. A at ¶ 14.3; *see also* Ex. B at ¶ 15.3 ("WE DO NOT GUARANTEE THAT FACEBOOK

19    WILL ALWAYS BE SAFE, SECURE OR ERROR-FREE OR THAT FACEBOOK WILL

20    ALWAYS FUNCTION WITHOUT DISRUPTIONS, DELAYS OR IMPERFECTIONS").)  In

21    light of these statements in the User Agreements which were incorporated by reference into

22    Plaintiffs' complaint, Plaintiff cannot state a claim based on Defendants' failure to keep his

23    photographs safe and uploaded on his Facebook page.

24          **2.     Ruling on Facebook's Motion to Dismiss Plaintiff's First Amended Complaint.**

25          Plaintiff's allegations in his First Amended Complaint are generalized allegations

26    regarding how he perceives Facebook and its terms of service to be unfair, but it not clear what

27    conduct he alleges is unfair and/or how such conduct relates to him.  Therefore, the Court

28    GRANTS Facebook's motion to dismiss.  However, because Plaintiff is proceeding *pro se*, the

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1    Court will provide him with one more opportunity to amend his complaint.  If Plaintiff elects to

2    amend his complaint, to the extent he seeks to bring a claim for breach of contract, he must allege

3    the existence of the contract, performance by the plaintiff or excuse for nonperformance, breach

4    by the defendant and damages." *First Commercial Mortgage Co. v. Reece*, 89 Cal. App.4th 731,

5    745 (2001).  Plaintiff appears to contend that Facebook breached the terms of service, but it is not

6    clear what obligation in the terms of service he believes that Facebook breached.  *See Young v.*

7    *Facebook, Inc.*, 790 F. Supp. 2d 1110, 1117 (N.D. Cal. 2011) ("In an action for breach of a written

8    contract, a plaintiff must allege the specific provisions in the contract creating the obligation the

9    defendant is said to have breached.").

10        To the extent Plaintiff seeks to bring a claim of intentional misrepresentation against

11   Facebook, Plaintiff must allege: "a misrepresentation, (2) with knowledge of its falsity, (3) with

12   the intent to induce another's reliance on the misrepresentation, (4) actual and justifiable reliance,

13   and (5) resulting damage." *Daniels v. Select Portfolio Servicing, Inc.*, 246 Cal. App. 4th 1150,

14   1166 (2016).

15        To the extent Plaintiff seeks to bring a claim against Facebook based on its failure to

16   disclose information, Plaintiff must allege:

17   
18   
19   
20   

> (1) concealment or suppression of a material fact; (2) by a defendant with a duty to disclose the fact to the plaintiff; (3) the defendant intended to defraud the plaintiff by intentionally concealing or suppressing the fact; (4) the plaintiff was unaware of the fact and would not have acted as he or she did if he or she had known of the concealed or suppressed fact; and (5) plaintiff sustained damage as a result of the concealment or suppression of the fact.

21   *Hambrick v. Healthcare Partners Med. Grp., Inc.*, 238 Cal. App. 4th 124, 162 (2015).

22        Additionally, where, as here, Plaintiff seeks to bring claims grounded in fraud, Federal

23   Rule of Civil Procedure 9(b) requires the plaintiff to state with specificity the circumstances

24   constituting fraud, including the "who, what, when, where, and how" of the charged misconduct.

25   *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *In re GlenFed, Inc. Sec.*

26   *Litig.*, 42 F.3d 1541, 1547-49 (9th Cir. 1994).  However, Rule 9(b)'s requirements must be read in

27   harmony with Federal Rule of Civil Procedure 8's requirement of a "short and plain" statement of

28   the claim.  Thus, Rule 9(b)'s requirement is satisfied if the complaint "identifies the circumstances

United States District Court
Northern District of California

1    constituting fraud so that a defendant can prepare an adequate answer from the allegations."

2    *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

3         The Court further notes that if Plaintiff still contends that Facebook stated in an agreement

4    or made other statements promising that Plaintiff's data and photographs on his Facebook page

5    would be safe and protected, he should specify what agreement or where such statements were

6    made.  Additionally, if Plaintiff agrees that there is an agreement other than the User Agreements,

7    Plaintiff should allege facts to show it is valid in light of the provision in the User Agreements that

8    it "makes up the entire agreement between the parties regarding Facebook, and supersedes any

9    prior agreements."  (Dkt. No. 52-1, Ex. A at ¶ 16.1 and Ex. B at ¶ 18.2.)  To the extent Plaintiff

10   intends to bring a claim regarding Facebook's alleged failure to inform him that they have no

11   customer support or any way to contact them, Plaintiff shall explain what agreement, statement, or

12   other source created an obligation by Facebook to do so.

**CONCLUSION**

13

14        For the foregoing reasons, the Court GRANTS Facebook's motion to dismiss, but provides

15   Plaintiff with leave to amend.  Plaintiff shall file his second amended complaint, if any, by no later

16   than April 22, 2020.

17        **IT IS SO ORDERED**.

18   Dated: March 23, 2021

19   _____

20   SALLIE KIM
     United States Magistrate Judge

21

22

23

24

25

26

27

28

6